IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICARDO RIVAS, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| *Plaintiffs,* | § § | |
| V. | § § | Civ. No. 5:19-cv-86 |
| AMAZING HOME COMMUNITY SERVICES, LLC & ADELA SEGOVIA, | § § § § | JURY DEMANDED |
| *Defendants.* | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff Ricardo Rivas (individually, "Rivas"), on behalf of himself and all others similarly situated (collectively, "Plaintiffs"), files this Original Complaint against Amazing Home Community Services, LLC ("Amazing Home"), and Adela Segovia ("Segovia") (collectively, "Defendants"), and would show as follows:

### I.   PRELIMINARY STATEMENT

1. This lawsuit seeks damages against Defendants for violations of the Fair Labor Standards Act ("FLSA"), as amended (29 U.S.C. § 201- *et. seq.*). Specifically, Plaintiffs allege that Defendants violated the FLSA by failing to pay their Providers overtime for the hours they worked over forty each week. Plaintiffs seek to certify this matter as a collective action under the FLSA. Plaintiffs also seek to recover unpaid wages, unpaid overtime wages, statutory liquidated damages, and attorneys' fees.

### II.   PARTIES

2. Plaintiff Ricardo Rivas is an individual residing in San Antonio, Texas. Rivas is a former Provider for Defendants.

1

3.      Defendant Amazing Home Community Services, LLC, is a domestic limited liability company doing business in the State of Texas and maintains its principal office in San Antonio, Texas. This Defendant can be served with process by serving its registered agent for service of process, Dana M. Gallegos, 102 Palo Alto Road, Suite 455, San Antonio, Texas 78211.

4.      Defendant Adela Segovia is an individual who may be served with process at 102 Palo Alto Road, Suite 455, San Antonio, Texas 78211.

5.      At all times during Plaintiffs' employment, Defendants were joint employers of Rivas and the putative class members under 29 C.F.R. § 791.2.

### III.    JURISDICTION AND VENUE

6.      This Court has jurisdiction pursuant to 28 U.SC. §§ 1331 and 1345, and § 16(b) of the FLSA, 29 U.S.C. § 216(b), which provides, "An action to recover liability prescribed in either of the preceding sentences may be maintained against any employer . . . in any federal or state court of competent jurisdiction by any one or more employees for and on behalf of himself and themselves and other employees similarly situated."

7.      Venue is proper pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Specifically, Defendants employed Rivas and other Providers to work at locations in and around San Antonio, Texas.

### IV.    ALLEGATIONS

8.      At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Defendants have been, though operation or common control, engaged in the performance of related activities for a common business purpose.

9. At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that it has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that it has an annual gross volume of sales made or business done of not less than $500,000.

10. Defendants operated as an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who resided on the premises of such institution during Plaintiffs' employment with Defendants.

11. At all times hereinafter mentioned, Plaintiff and all others similarly situated were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

12. Rivas worked for Defendants from approximately December 2015 to approximately May 2018 as a Provider.

13. Adela Segovia is an individual who is a Manager of Defendant Amazing Home Community Services, LLC. Adela Segovia independently exercised control over the work situation of Plaintiffs.

14. Adela Segovia determined the wages to be paid to Plaintiffs.

15. Adela Segovia determined the work to be performed by Plaintiffs.

16. Adela Segovia maintained the employment records of Plaintiffs.

17. Adela Segovia maintained the power to discipline, hire, or fire Plaintiffs.

18. Rivas and all others similarly situated regularly worked in excess of forty (40) hours per workweek.

19. Defendants were aware that Rivas and all others similarly situated regularly worked in excess of forty (40) hours per workweek.

20. Despite these hours worked, Defendants paid Rivas and all others similarly situated only "straight time" for all hours worked and did not provide Rivas and all others similarly situated with the overtime premium required by law. As a result, Defendants have unlawfully withheld overtime compensation from its Providers, including Plaintiffs.

21. On at least one occasion, Rivas asked Segovia he was not paid overtime for hours he worked over forty each week. Segovia responded, incorrectly, that she did not need to pay Providers overtime.

22. Defendants also failed to make, keep, and preserve accurate records with respect to Plaintiff and other Providers, including hours worked each workday and total hours worked each workweek, as required by 29 U.S.C. § 211(c), and supporting federal regulations.

23. Defendants' failure to pay proper overtime for all hours worked over forty was willful and not in good faith. Defendants did not change its payment practices after Rivas inquired into them. Moreover, on information and belief, at least one other Provider has filed suit against Defendants but that have not changed their payment practices.

### V.  CAUSE OF ACTION: FLSA – OVERTIME WAGES

24. The preceding paragraphs are incorporated herein for all purposes.

25. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et. seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the putative class members.

26. Defendants failed to pay Plaintiff and the putative class members overtime wages at time and a half of their regular rate for hours that they worked over 40 hours in a work week.

27. As a result of Defendants' unlawful acts, Plaintiff and the putative class members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

28. Defendants' unlawful conduct has been willful and intentional. Defendants were aware or should have been aware that the practices described herein are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the putative class members.

29. Because Defendants' violation of the FLSA has been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)

30. Pursuant to Section 16(b) of the FLSA, Plaintiff brings this Complaint as a collective action, on behalf of himself and all persons similarly situated who consent to join this litigation by filing a written consent with the Court and who also agree to be represented by Plaintiff's counsel, such persons making claims under the FLSA for the three years preceding the filing of this Complaint or the filing with the Court of each such person's written consent to joinder until entry of judgment after trial.

23. Defendants have a common policy or scheme of not paying Providers time and one-half for all hours worked over forty in a workweek. As a result of this common policy or scheme, Defendants wrongfully denied Providers overtime for all hours worked in excess of forty in a workweek. Therefore, the Court should certify a collective action of all current and former Providers employed by Defendants at any time during the three years preceding the filing of this Complaint. Plaintiff is informed and believes, and based thereon, alleges that there are

other FLSA class members who could "opt-in" to this class, the actual number of FLSA class members is readily ascertainable by a review of Defendants' records through appropriate discovery, and Plaintiff proposes to take proceedings in this action to have such persons notified of this litigation and given an opportunity to file written consents to join this litigation.

## PRAYER

24. Plaintiff prays for judgment against Defendants as follows:

(a) actual damages for unpaid overtime wages under the Fair Labor Standards Act;

(b) liquidated damages as provided by the Fair Labor Standards Act;

(c) reasonable attorney's fees under the Fair Labor Standards Act;

(d) pre-judgment and post-judgment interest as provided by law;

(e) all costs of court;

(f) certification of this matter as a collective action; and

(g) any other relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ Lawrence Morales II
LAWRENCE MORALES II
State Bar No. 24051077
ALLISON S. HARTRY
State Bar No. 24083149
**THE MORALES FIRM, P.C.**
6243 IH-10 West, Suite 132
San Antonio, Texas 78201
Telephone No. (210) 225-0811
Facsimile No. (210) 225-0821
lawrence@themoralesfirm.com
ahartry@themoralesfirm.com

***ATTORNEYS FOR PLAINTIFF***